## HEIRS OF LALAURIE *v*. F. A. WOODS.

The lessor may enforce his privilege on the furniture in the leased premises—though the lessee reside in another parish.

The failure of the lessee to pay the rent authorizes the lessor to swear that he has good reason to apprehend that the property will be removed from the premises leased.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Le Gardeur*, for plaintiffs. *Race & Foster*, for defendants and appellants.

BUCHANAN, J. This is a suit for arrears of rent due for a house in New Orleans, leased by plaintiffs to defendant. The plaintiffs sued out a writ of provisional seizure against the furniture contained in the house, and pray for judgment against the defendant; and further, that the judgment herein to be rendered, may be satisfied by privilege and preference out of the sale of the property provisionally seized.

There is no dispute as to the indebtedness, but the defendant and appellant relies upon a declinatory exception—that the Court of the first instance was without jurisdiction *ratione personæ*, his domicil being in the parish of West Baton Rouge.

As to the fact of defendant's domicil, there can be no doubt. It is not only proved by his witnesses, but it is stated in the contract of lease, and alleged in the petition. The only question is, shall it defeat his creditor's remedy upon the contract entered into between them?

The lessor has, for the payment of his rent and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased. C. C. art. 2675.

It cannot be presumed by the Court, from the mention in the lease of the residence of the lessee being in a different parish from that in which the leased property was situated, that the lessor intended to renounce the right given him by the article 2675 of the Code. Without an expressed renunciation of that right, it was a part of the contract between the parties; and could only be en-

HEIRS OF<br>LALAURIE<br>v.<br>WOODS.

forced by a Court having jurisdiction over the place where the movable effects pledged for the fulfillment of the contract, were situated. To deprive the plaintiffs of a recourse to that jurisdiction, would be, in substance, to deprive them of their legal right under the contract.

In the case of *Henning* v. *Steamer St. Helena and owners*, 5 Annual, 349, the Supreme Court, overruling the case of *Hollander* v. *Nicholas*, 3d Robinson, 7, declared that the only way to carry out the intention of the legislator when he conferred the privilege for seamen's wages, is to consider the privilege as following the object upon which it is by law attached, and to permit the creditor to lay hold of that object for the satisfaction of his claim in whatever part of the State he finds it. If this principle be correct in reference to a vessel, which is constantly changing its location, and, according to the course of its voyages, is in widely different parts of the country, and even of the world, at different times, it is still more applicable to the case of the furniture of a house situated in a different parish from that of the lessee's residence, and which, by the uses to which it is applied and the right of pledge in the lessor, is fixed and confined to the house leased, and can never be seized at the parish of lessee's domicil.

The appellant has objected that the case of *Henning* v. *Steamer St. Helena* does not authorize the action *in personam*. This proposition seems warranted by the reasoning of the Court in the case cited, and we will accordingly restrict the operation of this judgment to the property seized.

The appellant's counsel have brought to our notice an interlocutory judgment rendered upon a rule to quash the provisional seizure, upon the ground (among others) that the affidavit upon which the writ issued, was untrue. The affiant swore, as required by law, that he had good reason to believe that the lessee would remove the furniture, or property on which the plaintiffs had a privilege, out of the premises, &c. We have lately said, in the case of *Wallace* v. *Smith*, that the failure to pay the rent constitutes a good reason for the lessor to apprehend that the property *may be* removed from the premises leased. In addition, it is proved in the present case, by the testimony of defendant's own witness and agent, that he had advertised the furniture for sale before its seizure.

It is, therefore, adjudged and decreed, that the judgment of the District Court be so amended as to restrict the operation of the said judgment to the property provisionally seized, reserving to plaintiffs their right of personal action against the defendant at the parish of his domicil; that in other respects the judgment be affirmed; and that the costs of the District Court be paid by defendant, those of appeal by plaintiffs and appellees.